Jerry A. Funk, United States Bankruptcy Judge
This case came before the Court for trial on the Motion of Chapter 11 Trustee, Mark C. Healy, to Approve: (i) Pre-Suit Settlement and Compromise of Controversy with (a) Former Directors, Officers, and/or Employees of Debtor and (b) Insurer, and Request for Entry of Bar Order (the "Motion"). (Doc. 165). The United States Trustee (the "U.S. Trustee") objects to the Motion. (Doc. 178).
In determining whether to approve a bankruptcy trustee's compromise and a related bar order, courts generally consider the complexity of the underlying claims, the difficulty of collection on behalf of the estate, and the interests of the estate's creditors, among other factors. In this case, the Chapter 11 trustee (the "Trustee") settled certain claims under a director and officer liability insurance policy for the sum of $3,000,000.00, and the terms of the settlement include the entry of an order barring any person or entity from pursuing related claims against the insurance company and the officers/directors. The Court finds it appropriate to approve the settlement because the Trustee's claims involve difficult factual and legal allegations, the sources for recovery may not be available if the claims are litigated, and the compromise will allow for distribution to priority claimants under the Bankruptcy Code.
I. Background
The Debtor was engaged in the business of developing and operating family entertainment centers in Florida, Indiana, and Pennsylvania. (Doc. 199, p. 5). On January 10, 2017, an involuntary Chapter 11 petition was filed against the Debtor. Shortly after the filing, the petitioning creditors filed an Emergency Motion to Appoint Chapter 11 Trustee. (Doc. 9). On January 23, 2017, the Emergency Motion was granted, and Mark C. Healy was appointed as the Trustee. (Docs. 22, 24). An Order for Relief was entered in the involuntary case on February 7, 2017. (Doc. 33).
II. The Settlement
On November 14, 2018, the Trustee filed the Motion, which seeks the approval of a settlement between (1) the Trustee, (2) National Union Fire Insurance Company of Pittsburgh, Pa. (the "Insurer"), and (3) seven individuals who are former officers, directors, or employees of the Debtor (the "Insureds"). (Doc. 165). A copy of the Settlement *185 Agreement to Resolve, Release, and Bar Claims is attached to the Motion.
The Settlement Agreement recites that the Insurer issued a Broad Form Management Liability Insurance Policy to the Debtor, that the Trustee asserted a claim under the policy in January 2017, that the Insureds and the Insurer denied the Trustee's claims, and that the parties mediated the Trustee's claims in August 2018. (Exhibit A to Doc. 165, pp. 1-2). According to the Settlement Agreement:
1. An integral part of the Settlement is a Bar Order stating that all persons and entities are enjoined and barred from asserting any claim against any Insured or the Insurer based on the acts of the Insureds in their capacity as Insureds of the Debtor. (¶ 3).
2. The Insurer will pay the sum of $3,000,000.00 to the Trustee as the Settlement Payment. (¶ 5).
3. Two of the Insureds, Brent Brown and Greg Garson, represent that they do not have sufficient net worth to satisfy a multi-million-dollar judgment or to offer any material settlement amount, and that they will provide the Trustee with confidential financial disclosures. (¶ 6).
III. The Objection
On December 14, 2018, the U.S. Trustee filed an Objection to the Motion. (Doc. 178). Generally, the U.S. Trustee contends that the Settlement is unfair to unsecured creditors of the bankruptcy estate because they will be barred from pursuing malfeasance claims against the Insureds but will not receive any distribution from the Settlement proceeds. Additionally, the U.S. Trustee contends that the Settlement confers an unfair benefit on the Insureds because they will not be required to contribute to the Settlement funds, even though the Trustee was appointed pursuant to a Motion alleging the Insureds' gross mismanagement of the Debtor.
IV. Standards for Approval of a Settlement and Bar Order
In determining whether to approve a proposed settlement, bankruptcy courts look to four factors established by the Eleventh Circuit Court of Appeals in In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990). The four factors are: (1) the probability of success in litigation, (2) the difficulties, if any, in collection, (3) the complexity of the litigation, including the expense and delay in pursuing it, and (4) the interests of creditors and a proper deference to their reasonable views. Id. A bankruptcy court may approve a settlement as long as it does not fall below the lowest point in the range of reasonableness. United States v. Hartog, Chapter 7 Trustee, 597 B.R. 673, 678-79 (S.D. Fla. 2019) (citing In re Morgan, 2011 WL 13185742, at *4 (S.D. Fla. Feb. 15, 2011) ).
A bar order associated with a settlement may be approved if it is integral to the settlement, and if it is fair and equitable. In determining fairness, courts generally apply the factors set out by the Eleventh Circuit in In re Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996), which are: (1) whether the barred claims are interrelated with the estate's claims, (2) whether non-settling parties are likely to prevail on the barred claims, (3) the complexity of the estate's litigation against the beneficiaries of the bar order, and (4) whether resources would be depleted by continued litigation against the beneficiaries of the bar order.
V. Approval of the Settlement in this case
In this case, the predominant factors relating to the Settlement and Bar Order are (1) the complexity of the Trustee's *186 claims against the Insurer and the Insureds and the risks associated with litigating the claims, (2) the potential sources for recovery on the claims and the likelihood that the sources will be depleted by continued litigation, and (3) the interests of creditors in pursuing the claims and receiving payment under the Bankruptcy Code. Under the particular circumstances of this case, the factors weigh in favor of approving the Settlement and Bar Order.
1. Complexity of the claims
First, the Trustee's claims involve difficult allegations against the Insureds based on financial misconduct over a period of time, and the claims have been met with factual defenses from the Insureds and legal defenses from the Insurer.
The Trustee's claims against the Insurer and the Insureds stem from allegations that the seven officers and directors breached their fiduciary duty to the Debtor. The claims were set out in a draft Complaint for Damages and Demand for Jury Trial. (Trustee's Exhibit 6). The 25-page draft Complaint contains factual allegations involving a 2014 audit, a 2015 audit committee meeting, the Debtor's 2015 financial reports, and the incurrence of additional debt while the Debtor was insolvent. The draft Complaint includes a count for Breach of Fiduciary Duty against the Dual Position Defendants and a count for Breach of Fiduciary Duty against the Director Defendants.
According to the Trustee, the Insurer initially responded to the Trustee's claims by "denying any and all coverage obligations based upon various exclusions," and "has demonstrated its intention to vigorously assert and institute insurance coverage litigation in connection with several coverage defenses at trial." (Doc. 212, ¶¶ 13, 34(d)). Additionally, the Trustee contends that "the Insureds have demonstrated their intention to vigorously defend the Trustee Claims at trial," and that two well-respected law firms represented certain of the Insureds during the mediation and negotiations. (Doc. 212, ¶¶ 21, 34(c)).
2. Sources of recovery
Second, the primary source of recovery on the claims is the insurance policy, and the Trustee faces the risk that the insurance funds may be depleted if the claims are litigated.
The Broad Form Management Liability Insurance Policy issued by the Insurer was an officer and director insurance policy acquired by the Debtor. (Doc. 212, ¶ 12). According to the Trustee, the policy "is a $5,000,000 'wasting asset' limit of liability policy, meaning that the policy proceeds diminish as defense fees and costs are incurred and paid prior to any determination of liability on the underlying claims, thereby reducing the amount available to respond to settlements and judgments." (Doc. 212, ¶ 20). In fact, the Trustee contends that "at least $100,000 in defense fees and costs" have already been incurred and/or paid from the insurance policy in connection with the Trustee's claims and the defenses asserted by the Insurer and the Insureds. (Doc. 212, ¶ 21).
Recovery from any other source appears unlikely. As part of the Settlement, the Trustee received confidential financial disclosures from two of the Insureds, Brent W. Brown and Gregory S. Garson, and the Trustee believes that the disclosures show "material impediments to collection, potentially resulting in the Estate recovering nothing" from any assets of the individual Insureds if the Settlement is not approved. (Doc. 212, ¶ 40).
3. The interests of creditors
Third, the Settlement will allow for distribution to priority creditors of the bankruptcy estate.
*187 More than $1,200,000.00 of the Settlement Payment will be used to pay priority claims under the Bankruptcy Code. Specifically, the sum of $268,500.55 will be paid to wage claimants in full satisfaction of their priority claims, and the sum of $1,019,347.67 will be paid to the Internal Revenue Service in partial satisfaction of its priority claim. (Doc. 212, ¶¶ 52, 54).
As of the date of the hearing on the Settlement Agreement, no unsecured creditor or group of unsecured creditors had appeared in the case to oppose the Settlement or to assert a breach of fiduciary duty claim against the Insureds.
VI. Conclusion
The Trustee entered into a Settlement Agreement with National Union Fire Insurance Company of Pittsburgh, Pa. and seven individuals who are former officers, directors, or employees of the Debtor. Pursuant to the Settlement Agreement, the Insurer will pay the sum of $3,000,000.00 to the Trustee, and a Bar Order will be entered that prohibits any person or entity from asserting a claim against the Insurer or the Insureds based on acts of the Insureds in their capacity as Insureds of the Debtor. The Court will approve the Settlement because the Trustee's claims involve difficult factual and legal allegations, the sources for recovery may be depleted if the claims are litigated, and the Settlement will allow for distribution to priority claimants under the Bankruptcy Code. Accordingly, it is
ORDERED:
1. The Motion of Chapter 11 Trustee, Mark C. Healy, to Approve: (i) Pre-Suit Settlement and Compromise of Controversy with (a) Former Directors, Officers, and/or Employees of Debtor and (b) Insurer, and Request for Entry of Bar Order is granted, and the Settlement Agreement to Resolve, Release, and Bar Claims is approved.
2. The United States Trustee's Objection to Motion to Approve Compromise of Controversy or Settlement Agreement is overruled.